**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated, | No. CV-15-00383-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Francisca A. Gonzalez-Arvizu, et al., | |
| Defendants. | |

Before the court are Plaintiff's Application for Default Judgment (Doc. 16) and the supporting Memorandum of Points and Authorities (Doc. 16-1). The Application will be denied.

Plaintiff contracted to obtain the exclusive nationwide distribution rights to a March 8, 2014 light middleweight bout between Saul Alvarez and Alfredo Angulo (the "Program"). (Doc. 1 at 4.) Through a series of sublicensing agreements, Plaintiff granted the right to exhibit the Program to various hotels, bars, restaurants, and clubs across North America. (*Id.* at 5.) Plaintiff alleges that without obtaining a sublicense, Defendant Taco Mich & Bar and its "managing member," Defendant Francisca A. Gonzalez-Arvizu, "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Phoenix." (*Id.* at 3, 5.)

Plaintiff filed suit on March 3, 2015, seeking damages on two causes of action. The first alleges a violation of 47 U.S.C. § 605, the relevant portions of which provide:

> Except as authorized by chapter 119, title 18, United States Code, no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). The second cause of action claims Defendants violated 47 U.S.C. § 553. That provision forbids any person to "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).

Defendants were served with process in April 2015 (Doc. 10, 11) but did not appear. On May 11, 2015, Plaintiff filed a Request to Enter Default (Doc. 12), which the Clerk granted ten days later (Doc. 15). Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 55(b)(2), for entry of a default judgment.

"Entry of default judgment … is not a matter of right. Entry of a default judgment is entirely within the court's discretion and may be refused where the court determines no

justifiable claim has been alleged or that a default judgment is inappropriate for other reasons." *SuperMedia LLC v. Law Offices of Malkin & Assocs. P.L.L.C.*, No. CV-12-2491-PHX-LOA, 2013 U.S. Dist. LEXIS 18105, at *4-5 (D. Ariz. Feb. 11, 2013) (citations and internal quotation marks omitted). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

"*Eitel* require[s] that a plaintiff state a claim on which the [plaintiff] may recover." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (alterations in original) (citation and internal quotation marks omitted). "Where [a] default has been entered, as in this case, the factual allegations of the complaint, except those relating to the amount of damages, [are] taken as true." *Siemens Med. Solutions USA, Inc. v. Sequoia Techs.*, No. CV-05-0529-PHX-FJM (LOA), 2006 U.S. Dist. LEXIS 11267, at *41 (D. Ariz. Feb. 6, 2006) (alteration in original) (citation and internal quotation marks omitted).

It is undisputed that § 553 prohibits unauthorized interception of cable (or wire) communications and § 605 bars interception of radio (or satellite) communications. *See J & J Sports Prods. v. Preciado*, No. CV-14-02232-PHX-NVW, 2015 U.S. Dist. LEXIS 29809, at *5-8 (D. Ariz. Mar. 11, 2015); *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008) ("[I]t is clear . . . that the 'communications' protected by § 605(a) include satellite television signals."). The weight of authority is that § 605 does not also extend to wire communications. *Preciado*, 2015 U.S. Dist. LEXIS 29809, at *6-7. "Of the five courts of appeals to address the scope of § 605, four have found that it does not apply to wire communications." *Id.* at *7.

1   Plaintiff's Complaint does not make clear whether Defendants' alleged interception of the Program occurred by cable or by radio. On the majority view of § 605, the Complaint therefore fails to plead the necessary factual predicates of either a § 553 or a § 605 claim. Because Defendants have not appeared, Plaintiff explains that it "cannot conclusively determine the precise method of interception and reception" (Doc. 16-1 at 10), and it therefore requests damages only under § 605. Plaintiff, however, fails to plead other information, of which it is aware, that might suggest whether its § 605 claim is "plausible" within the meaning of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009). For example, the Complaint does not explain over what kind(s) of technology Plaintiff transmitted the Program, the most common methods of interception, which devices a restaurant of Defendants' size is likely to possess, or whether there exist methods of interception not covered by either § 553 or § 605. There may well be reason to believe that an allegation of radio, as opposed to cable, interception is plausible. But Plaintiff offers none. Instead, it hides behind ambiguous language—"intercept, receive, publish, divulge, display, and/or exhibit"—that it hopes will permit pleading of two (probably) mutually exclusive causes of action. On a motion for default judgment, such noncommittal pleading is insufficient, especially where a plaintiff has not pled important information within its own knowledge.

Plaintiff has not stated a claim. Under *Eitel*, default judgment is not appropriate.

IT IS THEREFORE ORDERED that Plaintiff's Application for Default Judgment (Doc. 16) is denied.

/ / /
/ / /
/ / /

IT IS FURTHER ORDERED that Plaintiff may file by August 27, 2015, an amended complaint, upon which he may effect service of process. If by that date Plaintiff has not filed an amended complaint, the Clerk shall terminate this case.

Dated this 6th day of August, 2015.

*Neil V. Wake*
United States District Judge